Joseph P. Breen (SBN: 124330)
Sandi Colabianchi (SBN: 193872)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-4242
Facsimile: (415) 986-8054
jbreen@gordonrees.com
scolabianci@gordonrees.com

Attorneys for Defendants GREG KUHL,
SUSAN SPARLING, ALEX KAPLAN,
NANCY WORRELL, DANIEL WARD,
WILLIAM KINNANE, CHRISTINE ZWERLING,
and MARCIA HODGES

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>INDEPENDENT ADOPTION CENTER,<br><br>    Debtor.<br>MARLENE G. WEINSTEIN,<br><br>    Plaintiff,<br><br>vs.<br><br>GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, CHRISTINE ZWERLING, MARCIA HODGES and NAVIGATORS INSURANCE COMPANY,<br><br>    Defendants. | Case No. 17-40327 RLE<br><br>Chapter 7<br><br>Adv. Pro. No. 17-04020 RLE<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    Reserving all rights and remedies, defendants GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, CHRISTINE ZWERLING and MARCIA HODGES ("Defendants") in the above-captioned Adversary Proceeding No.17-04020 ("Adversary Proceeding"), hereby answer and raise affirmative defenses to Plaintiff Marlene G. Weinstein's ("Plaintiff") complaint for: (1) Breach of Fiduciary Duty Against the Director Defendants; (2) Negligence Against the Director

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants; (3) Declaratory Relief Against the Director Defendants; (4) Breach of Fiduciary Duty Against the Officer Defendant; and (5) Negligence Against the Officer Defendant. Defendants DENY all allegations of the Complaint not otherwise expressly admitted and to the extent they state legal conclusions and are vague, incomplete and inaccurate except those specifically admitted below.

1. Defendants ADMIT the allegations in ¶¶1 – 2 of the Complaint.

2. Answering ¶3 of the Complaint, Defendants DENY that the matter is a core proceeding.

3. Defendants ADMIT the allegation in ¶4 of the Complaint.

4. Answering ¶5 of the Complaint, no response is required as to the Plaintiff's consent. Defendants do not consent to entry of a final judgment or order by the Bankruptcy Court in this Adversary Proceeding.

5. Answering the allegations in ¶¶6 – 12 of the Complaint, Defendants GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, and CHRISTINE ZWERLING ADMIT only that each served on the Board of Directors of the Debtor, Independent Adoption Center ("the Debtor").

6. Answering the allegations in ¶14 of the Complaint, Defendant MARCIA HODGES ADMITS that she served as the interim Executive Director of the Independent Adoption Center (referred to in the Complaint as "the Debtor") from March 2016 until the Petition Date.

7. Answering the allegations in ¶16 of the Complaint, Defendants and each of them ADMIT that they obtained and/or made all reasonable efforts to obtain as insureds a directors and officers liability insurance policy issued by Navigators Insurance Policy, policy No. NY16DOLV02898NV, with a policy period from March 24, 2016, through March 24, 2017 ("the Policy"). Defendants at all times herein are informed and believe that they are and were covered insureds under the Policy.

8. Answering the allegations in ¶17 of the Complaint, Defendants and each of them ADMIT that they obtained and/or made all reasonable efforts to obtain as insureds, a directors

and officers liability insurance policy issued by Navigators Insurance Policy, policy No. NY16DOLV02898NV, with a policy period from March 24, 2016, through March 24, 2017 with the intent to obtain insurance coverage for their conduct as directors and officers of the Debtor. Defendants at all times herein are informed and believe that they are and were covered insureds under the Policy and that the allegations in the Complaint are covered under the Policy.

## BACKGROUND FACTS

9. Answering ¶18 of the Complaint, Defendants ADMIT this allegation.

10. Answering the allegations in ¶19 of the Complaint, Defendants and each of them ADMIT that the Debtor provided adoption-related services to individuals seeking to adopt and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

11. Answering the allegations of ¶20 of the Complaint, the allegations purport to recite the contents of a document or documents, which speak for themselves. To the extent a response is required, Defendants ADMIT the allegation that the Debtor is exempt under section 501(c)(3) of the Internal Revenue Code.

12. Answering the allegations of ¶21 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

13. Answering the allegations of ¶22 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide by the by-laws and applicable laws and regulations.

14. Answering the allegations of ¶23 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide by the by-laws cited.

15. Answering the allegations of ¶24 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide

by the by-laws cited.

16. Answering the allegations of ¶25 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide by the by-laws cited.

17. Answering the allegations of ¶26 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide by the by-laws cited.

18. Answering the allegations of ¶27 of the Complaint, the allegations purport to recite the contents of a document or documents, and laws and regulations, which speak for themselves. To the extent a response is required, Defendants ADMIT that they intended to abide by the by-laws cited.

19. Defendant ADMITS the allegations in ¶28 of the Complaint.

20. Answering the allegations of ¶29 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

21. Answering the allegations of ¶30 of the Complaint, Defendants ADMIT that the Debtor operated adoption centers in multiple states and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

22. Answering the allegations of ¶31 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

23. Answering the allegations of ¶32 of the Complaint, Defendants ADMIT that the Debtor entered into contracts with individuals seeking to adopt and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

24. Answering the allegations of ¶33 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services through January 31, 2017, and otherwise DENY the

allegations to the extent they are incomplete and/or inaccurate.

25. Answering the allegations of ¶34 of the Complaint, Defendants ADMIT that the Debtor entered into contracts with individuals seeking to adopt and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

26. Answering the allegations of ¶35 of the Complaint, Defendants ADMIT that the availability of birth mothers affected the operation of the Debtor and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

27. Answering the allegations of ¶36 of the Complaint, Defendants ADMIT that the availability of birth mothers affected the operation of the Debtor and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

28. Answering the allegations of ¶37 of the Complaint, Defendants ADMIT that the availability of birth mothers affected the operation of the Debtor and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

29. Answering the allegations of ¶38 of the Complaint, Defendants ADMIT that the Debtor faced financial hardship for various reasons and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

30. Answering the allegations of ¶39 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services to individuals seeking to adopt through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

31. Answering the allegations of ¶40 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services to individuals seeking to adopt through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

32. Answering the allegations of ¶41 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services to individuals seeking to adopt through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

33. Answering the allegations of ¶43 of the Complaint, the Director Defendants ADMIT that the decision was made to file bankruptcy on the advice and opinion of legal counsel and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

34. Answering the allegations of ¶44 of the Complaint, Defendants ADMIT that the Debtor provided adoption-related services to individuals seeking to adopt through January 31, 2017, and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

35. Answering the allegations of ¶¶46-47 of the Complaint, Defendants ADMIT that they did not provide notice of the Debtor's closure.

36. Answering the allegations of ¶48 of the Complaint, Defendants ADMIT that the states in which the Debtor operated regulated adoption services and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

37. Answering the allegations of ¶¶49 - 51 of the Complaint, the Director Defendants ADMIT that the decision was made to file bankruptcy on the advice and opinion of legal counsel and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

38. Answering the allegations of ¶52 of the Complaint, Defendants ADMIT that the decision to file bankruptcy and handling of the Debtor's files was made on the advice and opinion of legal counsel and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

39. Answering the allegations of ¶53 of the Complaint, Defendants ADMIT on information and belief that the California Department of Social Services filed a brief in the bankruptcy case and otherwise DENY in full the allegations therein and in the Complaint to the extent they are incomplete and/or inaccurate.

40. Answering the allegations of ¶54 of the Complaint, Defendants ADMIT that the decision to file bankruptcy and handling of the Debtor's files was made on the advice and opinion of legal counsel and otherwise DENY the allegations to the extent they are incomplete and/or inaccurate.

## AFFIRMATIVE DEFENSES

1. As a separate affirmative defense, Defendants allege the Complaint, and each and every Claim for Relief therein, fails to state a claim upon which relief can be granted.

2. As a separate affirmative defense, Plaintiff brings this action against the Director Defendants in violation of public policy and is barred from seeking personal liability against

them including recovery of monetary damages for any actions alleged pursuant to 42 U.S.C. section 14503 and California Corporations Code sections 5047.5, 5231 and 5239.

3. As a separate affirmative defense, at all times Defendants acted in good faith and in the best interests of the Debtor and its clients.

4. As a separate affirmative defense, at all times Defendants acted with due care owed to the Debtor and its clients.

5. As a separate affirmative defense, at all times Defendants acted with a duty of loyalty to the Debtor and its clients.

6. As a separate affirmative defense, Defendants allege that any recovery on Plaintiff's Complaint, or any cause of action contained therein, is barred by the business judgment rule and the provisions of California Corporations Code section 5231.

7. As a separate affirmative defense, Defendants allege that any action by Defendants was not the proximate cause of any alleged injuries or damages Plaintiff now claims were sustained.

8. As a separate affirmative defense, Defendants allege the relief prayed for in Plaintiff's Complaint is barred because, if Defendants engaged in any of the alleged conduct, they had good cause to do so.

9. As a separate affirmative defense, Defendants allege that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.

10. Defendants allege that any and all decisions made and actions taken by and/or on behalf of the Debtor and its clients were based upon lawful and valid business reasons.

11. As a separate affirmative defense, Defendants allege the Complaint is barred in whole or part by Defendants' privilege and justification under the circumstances for the acts and omissions alleged in the Complaint and that any failure to perform any duties on their part, which failure is specifically denied, was justified and privileged.

12. As a separate affirmative defense, the claims of the Plaintiff are barred by the fact Defendants acted reasonably and in good faith at all times material herein, based on the relevant

facts and circumstances known by Defendants at the time they so acted.

13. As a separate affirmative defense, Defendants allege that Plaintiff's Complaint is couched in conclusory terms including but not limited to allegations of legal conclusions.

14. As a separate affirmative defense, Defendants allege that Plaintiff's Complaint and each cause of action therein are barred by the doctrines of waiver, estoppel, and unclean hands.

15. As a separate and distinct affirmative defense, Defendants allege that the conduct and violations of law alleged against Defendants are not sufficient to be willful or intentional.

16. As a separate and distinct affirmative defense, Plaintiff is barred from any recovery against Defendants because Plaintiff's alleged damages are speculative.

17. As a separate and distinct affirmative defense, Defendants alleges that Plaintiff's claims are limited or barred in that any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendants. Any actions on the part of Defendants were not the proximate or producing cause of any alleged injuries or damages Plaintiff claims were sustained.

18. As a separate and distinct affirmative defense, Defendants allege that any injuries or damages alleged by Plaintiff, if any, were caused, in whole or in part, by acts or omissions of others, for whose conduct Defendants are not responsible.

19. As a separate and distinct affirmative defense, Defendants allege as an affirmative defense that the Complaint and each of the causes of action therein are barred due to the Plaintiff's lack of standing.

20. As a separate and distinct affirmative defense, Defendants allege to the extent that any of the alleged wrongs were committed after Defendants reasonably relied in good faith on the advice of legal counsel, any and all claims are barred as against Defendants in their entirety.

21. As a separate affirmative defense, Defendants allege they have not knowingly or intentionally waived any applicable affirmative defenses, and reserve the right to assert and rely on such other applicable affirmative defenses as may come available or become apparent during discovery proceedings. Defendants further reserve the right to amend this Answer accordingly

and to delete defenses if they determine they are not applicable during the course of discovery and other proceedings in this Adversary Proceeding.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint on file herein;
2. That judgment in this action be entered in favor of Defendants and against Plaintiff;
3. That Defendants be awarded costs of suit incurred herein;
4. That Defendants be awarded reasonable attorneys' fees incurred herein, pursuant to applicable law; and
5. For any and all such other relief as this Court may seem just and proper.

Dated: May 30, 2017     GORDON & REES LLP

By    /s/   Sandi M. Colabianchi
      Sandi M. Colabianchi
      Joseph P. Breen
Attorneys for Defendants GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, CHRISTINE ZWERLING and MARCIA HODGES

## JURY DEMAND

Defendants GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, CHRISTINE ZWERLING and MARCIA HODGES hereby demand a jury trial.

Dated: May 30, 2017     GORDON & REES LLP

By    /s/   Sandi M. Colabianchi
      Sandi M. Colabianchi
      Joseph P. Breen
Attorneys for Defendants GREG KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DANIEL WARD, WILLIAM KINNANE, CHRISTINE ZWERLING and MARCIA HODGES

1135665/33053228v.1