JEFFREY L. FILLERUP (SBN 120543)
jfillerup@rinconlawllp.com
CHARLES P. MAHER (SBN 124748)
cmaher@rinconlawllp.com
RINCON LAW LLP
200 California St., Suite 400
San Francisco, CA 94111
Telephone: (415) 996-8199
Facsimile: (415) 680-1712

Attorneys for
Plaintiff / Counterclaim Defendant
Marlene G. Weinstein, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>INDEPENDENT ADOPTION CENTER,<br><br>Debtor. | Case No. 17-40327 RLE<br>Chapter 7<br>Hon. Roger L. Efremsky |
| MARLENE G. WEINSTEIN, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY S. KUHL, SUSAN SPARLING, ALEX KAPLAN, NANCY WORRELL, DAN WARD, WILLIAM KINNANE, CHRISTINE ZWERLING, MARCIA HODGES, and NAVIGATORS INSURANCE COMPANY, a New York corporation,<br><br>Defendants. | Adversary Proceeding No. 17-04020<br><br>**PLAINTIFF'S OPPOSITION TO DIRECTOR DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE**<br><br>Date: June 14, 2018<br>Time: 11:00 a.m.<br>Place: 1300 Clay Street<br>      Hon. Roger L. Efremsky<br>      Courtroom 201<br>      Oakland, CA 94612 |
| AND RELATED COUNTERCLAIM. | |

# **TABLE OF CONTENTS**

I. SUMMARY OF THE TRUSTEE'S OPPOSITION ............................................................. 1

II. PROCEDURAL HISTORY OF THE ADVERSARY PROCEEDING .............................. 2

III. THE TRUSTEE HAS STANDING TO SUE FORMER OFFICERS AND DIRECTORS FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE ......................................... 6

IV. THE FAC ALLEGES BREACH OF FIDUCIARY DUTY AND NEGLIGENCE CLAIMS AGAINST THE DIRECTOR DEFENDANTS ..................................................... 9

V. ALTHOUGH NOT NECESSARY, THE TRUSTEE IS AGREEABLE TO FILING AN AMENDED COMPLAINT ............................................................................................... 12

VI. CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbit v. ING USA Annuity and Life Ins. Co.*,
   999 F.Supp.2d 1189 (S.D. Cal. 2014)...................................................................................10

*Aceituno v. Vowell*,
   518 B.R. 579 (E.D. Cal. 2014)..........................................................................................6, 13

*Ahcom, Ltd. v. Smeding*,
   623 F.3d 1248 (9th Cir. 2010)............................................................................................6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................................9, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................10

*Berg & Berg Enterprises LLC v. Boyle*,
   178 Cal.App.4th 1020 (2009).................................................................................................8

*CAMOFI Master LDC v. Associated Third Party Administrators*,
   2018 U.S.Dist.Lexis 23657 (N.D. Cal. 2018) ..................................................................6, 7, 8

*CBS, Inc. v. Folks*,
   211 B.R. 378 (9th Cir. BAP 1997)..........................................................................................7

*Doe v. United States*,
   58 F.3d 494 (9th Cir. 1995)...................................................................................................14

*Frances T. v. Village Green Owners Assoc.*,
   42 Cal.3d 490 (1986) .............................................................................................................12

*Gaillard v. Natomas Co.*,
   208 Cal.App.3d 1250 (1989).................................................................................................13

*Marshall v. Picard*,
   740 F.3d 81 (2d Cir. 2014).......................................................................................................8

*Palm Springs Villas II Homeowners Assoc., Inc. v. Parth*,
   248 Cal.App.4th 268 (2016)..................................................................................................13

*Pepper v. Litton*,
   308 U.S. 295 (1939)..................................................................................................................7

*Smith v. Andersen LLP*,
   421 F.3d 989 (9th Cir. 2005)................................................................................................6, 7

*Solution Trust v. 2100 Grand LLC*,
  548 B.R. 300 (Bankr. C.D. Cal. 2016) ...................................................................................6, 8

*Estate of Spirtos v. One San Bernardino County Superior Court*,
  443 F.3d 1172 (9th Cir. 2006) ...........................................................................................6, 7

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) ................................................................................................................10

*Treefrog Developments, Inc. v. Seidio, Inc.*,
  2013 U.S.Dist.Lexis 110760 (S.D. Cal. 2013) .......................................................................10

*Wirum v. Geol*,
  532 B.R. 750 (N.D. Cal. 2015) ..........................................................................................6, 12

**Statutes**

11 U.S.C. §704(a)(1) ........................................................................................................................6

California Corporations Code §5239 ............................................................................................13

California Corporations Code § 7231 ...........................................................................................12

**Other Authorities**

Federal Rule of Civil Procedure 8(a) ..............................................................................................9

Federal Rule of Civil Procedure 9(a)(1)(A) ....................................................................................9

Federal Rule of Civil Procedure 9(b) ..............................................................................................9

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................5, 8, 10

Plaintiff Marlene G. Weinstein, Chapter 7 trustee (the "Trustee"), hereby opposes the motion to dismiss, motion for more definite statement, and motion to strike filed by the Director Defendants, as follows:

**I.     SUMMARY OF THE TRUSTEE'S OPPOSITION**

The Director Defendants' motion to dismiss, motion to strike, and motion for more definite statement asserts three primary arguments: (1) the breach of fiduciary duty and negligence claims should be dismissed because the Trustee does not have standing to sue; (2) the Director Defendants are uncertain about the claims against them and a more definite statement is necessary; and (3) the complaint fails to allege the lack of applicability of the business judgment rule and non-profit-corporation immunity with specificity.

As to the first argument, the motion should be denied because there is ample authority, going back more than 80 years, supporting a bankruptcy trustee's standing to sue former officers and directors of a debtor corporation for breach of fiduciary duty and negligence.

As to the second argument, the First Amended Complaint ("FAC") alleges the factual bases for the Trustee's breach of fiduciary duty and negligence claims with more-than-enough detail. This motion, along with the Directors' refusal to settle, is based on their main, and very weak, defense: "we don't understand the Trustee's claims - explain the claims to us - can you be more specific". The complaint clearly states claims that belong to the Trustee. The law is clear that a bankruptcy trustee has exclusive jurisdiction to assert derivative claims. The Trustee is only asserting derivative claims, and there is no basis for the Director Defendants' assertion that they don't understand the claims and that they don't know if the Trustee owns the claims being asserted. The FAC only alleges derivative claims and the Trustee is not asserting direct claims of creditors, if there are any direct claims. The Directors' feigned confusion lacks any support.  No direct claims have been asserted against the Directors in any form, the Directors have never identified any direct claims, and there are no direct claims asserted in the FAC.

As to the third argument (the alleged lack of applicability of the business judgment rule and non-profit immunity), the federal rules do not require that the lack of applicability of these defenses be established in the complaint. Even if specificity were required by the federal rules, the First

Amended Complaint states facts that would bar the Directors' alleged business judgment rule and immunity defenses. The Director Defendants' argument is based on their failure and refusal to acknowledge the clear factual allegations in the complaint. However, the Trustee is agreeable to amending the complaint to allege intentional and malicious conduct by the Director Defendants that further support the inapplicability of these defenses and support the Trustee's claim for punitive damages. The Trustee will file the amended complaint within 10 days after the hearing of this motion.

If the Court decides to dismiss the FAC, or any of the claims, damages, or allegations in the FAC, then the Trustee requests leave to amend the complaint in lieu of dismissal.

## II.     PROCEDURAL HISTORY OF THE ADVERSARY PROCEEDING

Independent Adoption Center (the "Debtor") was a California nonprofit corporation that provided adoption services to adopting parents. The Debtor opened its first office in northern California in the early 1980s and by the time of its closure in 2017, it had multiple offices in seven states. Its main office was located in Concord, California.

The Debtor's business model became a Ponzi scheme. The Debtor would require high up-front fees from prospective adopting parents, with pre-paid fees being up to $20,000. The Debtor would then use the up-front fees paid by adopting parents to pay for the services to adopting parents who had paid the up-front fees in the past. Like a Ponzi scheme, the Debtor's officers and directors knew that they needed to obtain up-front fees from "new signs", i.e., up-front fees from new adopting parents, in order to keep the Debtor operating. Like all Ponzi schemes, they couldn't keep up the necessary pace of "new signs" and on January 31, 2017, the Debtor announced to adopting parents its intent to cease business immediately. The Debtor informed its employees on the same day that they were without jobs and that all of the Debtor's offices would be closed immediately. The announcement was a surprise to both the Debtor's clients and to the state agencies that regulated the Debtor's operations. The Debtor had taken no steps with state agencies to shut down operations. Three days later, on a Friday evening, February 3, 2017, the Debtor filed a voluntary Chapter 7 bankruptcy petition, with $60,000 in cash in its account and millions of dollars in liabilities in the form of pre-paid fees that adopting parents had paid without receiving adoption

services in return.

On March 21, 2017, Marlene Weinstein filed the complaint initiating this adversary proceeding. The defendants are former members of the Debtor's board of directors ("Director Defendants"), and the Executive Director during the year prior to the filing of the petition, Marcia Hodges. The Trustee also sued the Debtor's D&O insurer, Navigators Insurance Company ("Navigators"). The complaint seeks to recover damages from the Officer/Director Defendants based on claims for breach of fiduciary duty and negligence.

Gordon Rees Scully Mansukhani LLP ("Gordon Rees") represented the Officer/Director Defendants from April, 2017 through January, 2018. Gordon Rees filed an answer to the complaint on May 30, 2017. (Doc#16) The Court then set discovery completion dates in an August 3, 2017 scheduling order, and a pre-trial conference was set in January, 2018. (Doc#26) Given that a pre-trial conference was only months away, the Trustee commenced written discovery immediately after the scheduling order was issued.

While Gordon Rees initially advised the Court and the Trustee that Navigators was defending the claims against the Officer/Director Defendants, in September, 2017, one of the Debtor's other insurers, Landmark Insurance Company ("Landmark"), filed a motion for relief from stay which identified a dispute between Navigators and Landmark relating to the defense of the case. The Trustee filed an opposition to the motion for relief from stay on September 26, 2017, arguing that relief from stay should be denied because Gordon Rees and the Officer/Director Defendants had failed to comply with their discovery and initial disclosure obligations to the Trustee. (Case No. 17-40327, Doc#140) The Trustee was frustrated by the Officer/Director Defendants' refusal to comply with their discovery obligations in light of the deadlines in the scheduling order. On October 4, 2017, the Court denied Landmark's motion for relief from stay, in part because defense counsel at Gordon Rees had not been responsive to the Trustee's discovery. (Case No. 17-40327, Doc#146)

The Trustee now knows that at the time, the goal of Navigators, Landmark, and the defendants was to force the Trustee to incur attorney's fees without advancing her prosecution of the case. While the October 4, 2017 order did compel Gordon Rees and the defendants to produce

some documents and some discovery responses, the Trustee was forced to seek to compel Gordon Rees to be responsive by on-going meet and confer efforts and by filing a motion to compel. (Doc#33) Gordon Rees, Navigators, and Landmark were successful in forcing the Trustee to waste thousands of dollars in attorney's fees during the period April through December 2017. In this motion, the Director Defendants seek an order striking the Trustee's claim for attorney's fees, when the Director Defendants and their counsel know that the Trustee has reserved the right to recover all of the attorney's fees the Trustee has incurred during the April, 2017 through February, 2018 time period.

On December 20, 2017, Landmark filed a second motion for relief from stay, claiming that the defendants had complied with their discovery obligations. In spite of another opposition from the Trustee, again arguing the lack of compliance with discovery obligations, Landmark's motion was granted in part and Landmark was permitted to pay some defense costs. (Case No. 17-40327, Doc#163) New counsel substituted into the case for the Officer/Director Defendants in 2018. Joanne Madden substituted into the case as counsel for Marcia Hodges on January 25, 2018, and Andrew Sclar substituted into the case as counsel for the Director Defendants on February 5, 2018. New counsel then filed motions to withdraw the reference to the District Court. The motions to withdraw the reference were untimely because the adversary proceeding had been filed in March, 2017 and had been pending for almost a year by the time the motions were filed. New defense counsel knew that the motions were untimely, but they have nonetheless proceeded with the motions. Defense counsel made false statements in the motions to withdraw the reference in order to make the motion appear timely. They claimed that the adversary proceeding had been "stayed" and "was on hold" during the April through December, 2017 time period. This is false. The Directors' motion to withdraw the reference states: "For all intents and purposes, the Volunteer Directors were not represented in the adversarial proceeding--despite efforts from Landmark-- between the time they filed the answer … and February 5, 2018". Hodges' motion to withdraw the reference states: "Here, the Defendants answered the Claims on May 30, 2018, but were almost immediately caught in a funding crisis between their insurer and appointed counsel that prevented them from meaningfully participating in the Adversary Proceeding, which culminated in the

4

withdrawal of coverage in July 2017, that was confirmed in August 2017."

The defendants' position was, and continues to be today: as long as there is a dispute between Navigators and Landmark the case is stayed, the defendants don't need to comply with their discovery obligations, they don't need to settle, and the case is on hold until Navigators and Landmark decide to proceed.

On December 14, 2017, the Trustee filed a motion for leave to file a First Amended Complaint. (Doc#27) Gordon Rees did not take the position that the case was stayed. Instead Gordon Rees took the opposite position: the motion was opposed on the ground that the case had been on-going since March, 2017 and the Trustee's motion for leave to amend was tardy under the circumstances. In January, 2018, the Court granted leave for the Trustee to file the proposed First Amended Complaint ("FAC"). A few weeks later, when new counsel substituted into the case, they took the position, in support of their motions to withdraw the reference, that the case was on hold and had been stayed since April, 2017.

In response to the FAC, on February 5, 2018, Defendant Hodges filed an answer and a counterclaim against the Trustee. Hodges did not seek relief from stay to file the counterclaim; the counterclaim seeks indemnity from the Trustee.

The Director Defendants filed this Rule 12(b)(6) motion in response to the FAC.

The hearings on the motions to withdraw the reference and this Rule 12(b)(6) motion were put off pending a global mediation at Judicate West. Full day mediations took place on March 21, 2018 and May 9, 2018, but the case did not settle. It appears that there continue to be disputes between Navigators and Landmark, which have precluded settlement.

When the case did not settle, the Officer/Director Defendants' motions to withdraw the reference proceeded, and the Trustee filed an opposition to those motions in the District Court on May 29, 2018.

The Directors' Rule 12(b)(6) motion was continued until after the two mediation sessions, and the hearing is now set for June 14, 2018.

///

///

## III. THE TRUSTEE HAS STANDING TO SUE FORMER OFFICERS AND DIRECTORS FOR BREACH OF FIDUCIARY DUTY AND NEGLIGENCE

The FAC alleges that the Director Defendants breached their fiduciary duties to the Debtor and were negligent, which caused the Debtor to file bankruptcy, and caused damages to the Debtor in excess of $8 million. As discussed below, the FAC sets forth the Trustee's claims in detail. The Director Defendants' motion claims that the FAC fails to establish that the Trustee has standing to sue, and that causation and damages are alleged with insufficient particularity. These claims lack merit.

Section 704 of the Bankruptcy Code provides that "(a) The trustee shall - (1) collect and reduce to money the property of the estate for which the trustee serves…." 11 U.S.C. §704(a)(1). A bankruptcy trustee has exclusive standing to pursue the estate's claims, including pursuing the debtor's causes of action. *Smith v. Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005). The trustee has exclusive standing to prosecute the debtor's causes of action. *Estate of Spirtos v. One San Bernardino County Superior Court*, 443 F.3d 1172, 1176 (9th Cir. 2006). "When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim." *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010).

The broad and exclusive power delegated to trustees in Section 704 has been interpreted to provide trustees with standing to sue former officers and directors of the debtor for breach of fiduciary duty and negligence. *See, e.g., CAMOFI Master LDC v. Associated Third Party Administrators*, 2018 U.S.Dist.Lexis 23657 (N.D. Cal. 2018); *Wirum v. Geol,* 532 B.R. 750 (N.D. Cal. 2015); *Solution Trust v. 2100 Grand LLC,* 548 B.R. 300 (Bankr. C.D. Cal. 2016); *Aceituno v. Vowell,* 518 B.R. 579 (E.D. Cal. 2014). This is not new law. The Supreme Court said 80 years ago:

> A director is a fiduciary…Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation are challenged the burden is on the director or shareholder not only to prove good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein….While normally that fiduciary obligation is enforceable directly by the corporation, or

> through stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation--creditors as well as stockholders.

*Pepper v. Litton*, 308 U.S. 295, 306-07 (1939).

The courts in the Ninth Circuit have repeatedly confirmed the principle that a bankruptcy trustee has exclusive standing to pursue claims against third parties for the benefit of the bankruptcy estate, including claims against former officers and directors of a debtor corporation. *E.g., CBS, Inc. v. Folks*, 211 B.R. 378, 384 (9th Cir. BAP 1997); *Smith v. Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005); *Estate of Spirtos v. One San Bernardino County Superior Court*, 443 F.3d 1172, 1176 (9th Cir. 2006); *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010); *CAMOFI Master LDC v. Associated Third Party Administrators*, 2018 U.S.Dist.Lexis 23657 (N.D. Cal. 2018).

In *CAMOFI Master LDC v. Associated Third Party Administrators*, 2018 U.S.Dist.Lexis 23657 (N.D. Cal. 2018), a bankruptcy trustee sued various officers, directors, and insiders of the debtor for breach of fiduciary duty. A group of creditors who contested the trustee's standing to pursue the claims objected to the trustee's standing. The District Court rejected the argument by creditors that the breach of fiduciary duty claims belonged to them. The Court said that "Claim 4 [breach of fiduciary duty] is a derivative claim belonging to the corporation in the first instance. The bankruptcy trustee has the exclusive right to prosecute the claim."

The Directors make the same argument here that was rejected by the *CAMOFI* court. Like in *CAMOFI*, the Trustee's claims here are derivative claims, not direct claims. "An action 'is derivative, [i].e., in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property with any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *12-13.

The courts in other circuits are in agreement with the holdings in the Ninth Circuit. For instance, the Second Circuit recently said that: "We have defined so-called 'derivative claims' in the context of bankruptcy as ones that 'arise[] from harm done to the estate' and that 'seek[] relief

against third parties that pushed the debtor into bankruptcy.'" *Marshall v. Picard*, 740 F.3d 81, 89 (2d Cir. 2014). On the other hand, "when creditors have a claim for injury that is particularized as to them, they are exclusively entitled to pursue that claim, and the bankruptcy trustee is precluded from doing so", which is referred to as a direct claim. *Id.* at 88

While the Directors' motion to dismiss makes sweeping arguments that bankruptcy trustees do not have standing to assert the claims of creditors, the law does not support such broad language. The case law establishes that the Trustee does have standing to assert derivative claims.

The Directors contend that California's trust fund doctrine leads to a different conclusion. It doesn't. In *Solution Trust v. 2100 Grand LLC*, 548 B.R. 300 (Bankr. C.D. Cal. 2016), former directors of the debtor corporation filed a Rule 12(b)(6) motion to dismiss breach of fiduciary duty claims filed by the bankruptcy trustee on behalf of creditors. The bankruptcy trustee alleged that the defendant-directors dissipated assets prior to the bankruptcy and during a time that the corporation was insolvent, which are the same as the Trustee's allegations in this case. The bankruptcy court denied the defendant-directors' motion to dismiss and allowed the trustee's breach of fiduciary duty claims to go forward. The Court ruled that once the corporation is insolvent then the directors' duties are shared by and owed to both shareholders and creditors. The court said: "Upon insolvency, duties to creditors do not supersede or dilute duties to shareholders; rather, creditors join stockholders in being able to sue directors derivatively for breaches of fiduciary duties to the corporation that divert, dissipate, or unduly risk corporate assets…."

The holding in *Berg & Berg Enterprises LLC v. Boyle*, 178 Cal.App.4th 1020 (2009), which is cited in the Directors' motion to dismiss, does not change the Trustee's standing in this case. First, the Trustee is seeking to recover damages based on damage to the debtor, which are derivative claims. Second, as the District Court noted in *CAMOFI Master LDC v. Associated Third Party Administrators*, 2018 U.S.Dist.Lexis 23657 (N.D. Cal. 2018), nothing in *Berg & Berg* precludes a trustee from pursuing derivative claims against third parties. Third, the Bankruptcy Court's holding in *Solution Trust* is more relevant in this case.

It is clear that the Directors' broad pronouncements that a bankruptcy trustee cannot assert the claims of creditors is unfounded. Even though the Directors never mention it in their motion,

the Directors would have an argument if the Trustee were asserting direct claims of creditors. However, the Trustee does not seek to assert direct claims of creditors and she has not asserted direct claims of creditors. The Directors have not identified any direct claims of creditors, so there is no basis for dismissal of any of the Trustee's breach of fiduciary duty and negligence claims.

Because the Trustee's claims against the Directors are derivative, not direct, the motion to dismiss based on the Trustee's alleged lack of standing should be denied.

## IV. THE FAC ALLEGES BREACH OF FIDUCIARY DUTY AND NEGLIGENCE CLAIMS AGAINST THE DIRECTOR DEFENDANTS

The Directors contend that even if the Trustee has standing to assert breach of fiduciary duty and negligence claims against the Directors, "the FAC's allegations are insufficient because they do not recognize the limited scope of the duty owed to creditors upon insolvency, and do not set forth any facts that suggest self-dealing, preferential treatment of creditors, diversion, dissipation, or 'undue risking' of IAC's assets that were otherwise available to pay creditors claims." (Doc#50 at 13:23-26) The Director Defendants also claim that the complaint fails to allege lack-of-immunity with sufficient particularity. (Doc#50 at 5:17-8)

The Directors have failed to support their contention that the Trustee's breach of fiduciary and negligence claims are insufficiently alleged. The Directors fail to cite authority for the proposition that the federal rules require that the complaint allege standing, the lack of a business-judgment-rule defense, and the lack of an immunity defense with specificity.

The federal rules do not require that standing be alleged with specificity. Federal Rule of Civil Procedure 9(a)(1)(A) states that "a pleading need not allege (A) a party's capacity to sue…."

The Directors have also failed to support their contention that the Trustee must allege breach of fiduciary duty with specificity. The Federal Rules of Civil Procedure, not California law, dictate the pleading requirements in this case. Rule 9(b) does not require that the Trustee's breach of fiduciary duty and negligence claims be alleged with particularity. The Directors have not cited controlling federal authority that requires the lack of a business-judgment-rule or lack of immunity be specifically alleged by the Trustee.

///

Rule 8(a) only requires that the complaint state a short and plain statement of the claim showing that the plaintiff is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff need not allege specific facts beyond those giving the defendant notice of the claim being asserted. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). Of course, the district courts follow these rules in refusing to dismiss breach of fiduciary duty claims at the pleading stage. *E.g., Treefrog Developments, Inc. v. Seidio, Inc.,* 2013 U.S.Dist.Lexis 110760 (S.D. Cal. 2013); *Abbit v. ING USA Annuity and Life Ins. Co.,* 999 F.Supp.2d 1189 (S.D. Cal. 2014). In the *Abbit* case, the District Court refused to grant the defendant's Rule 12(b)(6) motion directed to the plaintiff's claim that the insurer-insured relationship at issue is one that does not traditionally give rise to a fiduciary relationship. In allowing the breach of fiduciary duty claim to proceed, the Court said: "taking all of the allegations as true and construing them in a light most favorable to Plaintiff at this stage of the proceedings, the Court finds that Plaintiff's factual allegations and reasonable inferences from those allegations plausibly suggest a claim entitling Plaintiff to relief." *Id.* at 1199.

Even though the Directors have not identified federal authority supporting the specificity that they are demanding, in fact, the FAC does allege the Directors' specific defalcations. The Directors claim that they do not know and that they do not understand the allegations against them, when, in fact, the specific allegations have been articulated by the Trustee in the original complaint filed on March 21, 2017. The FAC includes these same, specific allegations of the various ways in which the Director Defendants breached their fiduciary duties to the Debtor. Paragraph 61 of the FAC alleges, as follows:

> 61. The Director Defendants breached their fiduciary duties because they: (a) failed to properly identify, monitor, and account for the Debtor's liabilities; (b) failed to ensure the on-going good name and reputation of the Debtor in the eyes of prospective birth mothers and adopting parents; (c) failed to ensure the on-going good name and reputation of the Debtor in the eyes of regulators in California; (d) failed to take necessary action when the increasing differential

between new contracts and availability of birth mothers became impossible to reverse; (e) failed to take action to refund advances paid by adopting parents when it was clear the Debtor would not continue to fulfill obligations to adopting parents; (f) failed to recognize and take action in 2016 when it was clear that the Debtor's status quo would not reverse; (g) failed to find options for fulfilling the Debtor's obligations under contracts with adopting parents; (h) failed to take steps to cut overhead expenses in order to fulfill obligations to adopting parents; (i) failed to perceive the financial significance of the downturn in new contracts in 2015 and 2016; (j) failed to use the Debtor's assets to make refunds to adopting parents or locate other services to fulfill obligations to adopting parents; (k) failed to prepare for the orderly transition of files to government officials; (l) failed to leave sufficient assets for government officials to take over the role that should have been served by the Debtor; (m) failed to take steps via a Chapter 11 filing or other alternative to fulfill the obligations of the Debtor to adopting parents and government regulators; (n) failed to timely acknowledge that the Debtor was facing a financial crises that threatened the existence of the Debtor; (o) failed to call and conduct Board and management meetings for the purpose of identifying the financial crisis of the Debtor and taking action to solve the crisis; (p) failed to document with minutes, notes, and emails, the efforts made to resolve the Debtor's financial crisis; (q) failed to identify and fulfill the Debtor's outstanding obligations to hundreds of adopting parents; (r) failed to quantify in financial statements, internal reports, or otherwise, the true measure of outstanding obligations that the Debtor owed to adopting parents and other creditors; (s) failed to properly plan and budget for future operations in light of the Debtor's financial circumstances in 2015 and 2016; (t) failed to properly transition to a new Executive Director to oversee the Debtor in 2016; (u) failed to coordinate the closure of the Debtor with governmental officials that regulated the Debtor's operations; (v) failed to take action in response to the losses reported in the audited financial statements for the year ending December 31, 2015; (w) failed to adequately respond to complaints from adopting parents in 2015 and 2016; (x) failed to provide earlier notice to adopting parents that the Debtor would not fulfill its obligations; (y) failed to take steps in 2016 to ensure the on-going viability of the Debtor; (z) failed to take steps in 2016 to minimize the financial and emotional hardship to adopting parents; (aa) failed to comply with the obligations under Article IV(12)(a) of the Bylaws that requires Board members to be accountable to the community for adequate services to adopting parents; and (ab) failed to comply with obligations under Article IV(12)(d) of the Bylaws to exercise trusteeship of property and investments of the Debtor.

(Doc#38, par. 61)

The FAC then alleges that the Debtor was damaged when it was in the position of being unable to support on-going operations when there were insufficient "new signs" to pay for services to adopting parents who had previously pre-paid for services. Thus, the FAC sufficiently alleges breach of fiduciary duty, causation, and damages. *See, e.g., Wirum v. Geol,* 532 B.R. 750 (N.D. Cal. 2015)(finding that the trustee's adversary complaint seeking damages for breach of fiduciary duty adequately pled causation and damages).

## V. ALTHOUGH NOT NECESSARY, THE TRUSTEE IS AGREEABLE TO FILING AN AMENDED COMPLAINT

The Directors contend that the FAC fails to sufficiently plead facts that establish the inapplicability of the business judgment rule. The Trustee disputes this contention.

The business judgment rule that applies to California non-profit corporations is Corporations Code Section 7231. *Frances T. v. Village Green Owners Assoc.,* 42 Cal.3d 490, 509 (1986). Section 7231 provides that a "director shall perform the duties of a director…in good faith, in a manner such director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances." The Directors claim that the FAC is lacking because the complaint fails to allege the absence of the applicability of the business judgment rule.

The Directors' argument fails as a matter of law for several reasons.

The federal rules do not require the specific pleading claimed by the Directors. For example, in *Wirum v. Goel,* 532 B.R. 750 (N.D. Cal. 2015), the Trustee sued former directors of the debtor for breach of fiduciary duty and the defendants claimed that that the complaint failed to "allege around" the business judgment rule. The District Court disagreed and found that when an exception to the business judgment rule can be inferred from allegations in the complaint, that is sufficient.

The California Supreme Court did not require the kind of specificity demanded by the Directors in this case, in *Frances T. v. Village Green Owners Assoc.,* 42 Cal.3d 490 (1986). The Supreme Court allowed a personal-injury-based negligence claim against the directors in a homeowner's association to go forward in spite of the claim that the business judgment rule protected the directors from personal liability. The Court said: "Of course, the directors may have

acted quite reasonably under the circumstances—or the causal link between the lightening and plaintiff's injuries may be too remote—but those are questions for the trier of fact and not appropriate grounds for sustaining a general demurrer to plaintiff's claim." *Id.* at 511-12.

Under California law, there are a host of exceptions to the business judgment rule and the rule will not typically be applied without consideration of the exceptions. "Notwithstanding the deference to a director's business judgment, the rule does not immunize a director from liability in the case of his or her abdication of corporate responsibilities." *Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250, 1263 (1989). For example, in *Aceituno v. Vowell*, 518 B.R. 579 (Bankr. E.D. Cal. 2014), the Chapter 7 trustee filed a breach of fiduciary duty complaint against the former directors of the debtor. After a trial in the bankruptcy court, the Court found in favor of the trustee and held that the business judgment rule did not immunize the defendants from liability because of the exceptions to the rule. The Court noted that the exceptions to the rule include conflicts of interest, the failure to exercise reasonable inquiry, and improper motives.

In *Palm Springs Villas II Homeowners Assoc., Inc. v. Parth*, 248 Cal.App.4th 268 (2016), the trial court granted summary judgment in favor of the defendant director based on the business judgment rule and the Court of Appeal reversed because the exceptions to the rule are a factual inquiry that require a trial of the disputed factual issues. The Court said that "whether a director exercised reasonable diligence is one of the 'factual prerequisites' to application of the business judgment rule." *Id.* at 280. The business judgment rule will typically not be decided based on summary judgment because the rule "'raises various issues of fact', including whether 'a director acted as an ordinarily prudent person under similar circumstances' and 'made reasonable inquiry as indicated by the circumstances.'" *Id.* at 280. "A director cannot close his eyes to what is going on about him in the conduct of the business of the corporation and have it said that he is exercising business judgment." *Id.* at 280, citing *Burt v. Irvine Co.*, 237 Cal.App.2d 828, 852-53 (1965), and *Gaillard v. Natomas Co.*, 208 Cal.App.3d 1250, 1263-64 (1989).

The Directors contend that they are exempt from personal liability based on provisions of the California Corporations Code relating to volunteer directors of non-profit corporations, such as California Corporations Code §5239. There are also a host of exceptions to this exemption. The

FAC specially alleges that exceptions apply in this case and preclude the applicability of the exemption. Paragraph 71 alleges: "Section 5239, Section 14503, Section 5047.5, and Section 5231 do not apply and do not provide any exemption to the Director Defendants from personal liability from the claims alleged in the First Amended Complaint because, among other reasons, the Director Defendants (a) acted, or failed to act, outside of the scope of their director's duties; (b) acted in bad faith; and/or (c) acted, or failed to act, with reckless, wanton, intentional or gross negligence." (Doc#38, par. 71)

In short, both legally and factually, the FAC sufficiently alleges claims for negligence and breach of fiduciary duty notwithstanding the Directors' alleged business judgment rule and immunity defenses.

Nevertheless, the Trustee is agreeable to amending the complaint to allege additional facts that establish the inapplicability of the business judgment rule and immunity defenses. The Trustee's amended complaint will allege intentional and malicious misconduct by the Directors that will negate the business judgment rule and immunity defenses, and will also support the Trustee's claim for punitive damages.

## VI. CONCLUSION

Based on the foregoing, the motion to dismiss the Trustee's breach of fiduciary duty and negligence claims against the Directors should be denied. The motion for a more definite statement should be denied, but the Trustee is agreeable to filing an amended complaint within 10 days. The motion to strike the Trustee's fiduciary duty and negligence claims should be denied, and the motion to strike the Trustee's claim to recover attorney's fees should be denied.

If the Court decides to dismiss the FAC, or any of the claims, damages, or allegations in the FAC, then the Trustee requests leave to amend the complaint in lieu of dismissal. *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)("a district court should grant leave to amend even if no request to amend the pleading was made").

///

///

DATED: May 31, 2018                    RINCON LAW LLP

                                       By:    */s/Jeffrey L. Fillerup*
                                              Jeffrey L. Fillerup
                                              Plaintiff / Counterclaim Defendant
                                              Marlene G. Weinstein, Chapter 7 Trustee